COPE, J.
(dissenting).
The trial court orders are correct and should be affirmed. Miami-Dade County is responsible for paying the costs associated with prosecutions brought by the Statewide Prosecutor. This follows both from existing law and from what has apparently been the uniform practice until now.
Prior to the creation of the office of Statewide Prosecutor in 1986, it was the responsibility of individual state attorneys to prosecute crimes occurring in more than one circuit. It is undisputed that where a state attorney brings such a prosecution, the County is responsible for paying the costs, such as the witness expenses at issue in the present case.
In 1986, the office of Statewide Prosecutor was created by constitutional amendment. See Fla. Const, art. IV, § 4(c) (amended 1986); 26 Fla. Stat. Ann. Supp. 2000, at 5-6. The amendment granted the Statewide Prosecutor “concurrent jurisdiction with the state attorneys to prosecute violations of criminal laws occurring ... in two or more judicial circuits.... ” Fla. Const, art. IV, § 4(c) (Emphasis added). Thus, any particular multi-circuit crime can in theory be prosecuted either by the Statewide Prosecutor, or by the state attorney in the circuit where any part of the criminal activity occurred.
As I understand it, it has been the custom since 1986 that costs associated with prosecutions by the Statewide Prosecutor have been paid by the counties and that the legislature has never made an appropriation for this purpose. To me that is a powerful indication that, at the time of the creation of the Statewide Prosecutor, there was no intention to shift the costs of prosecution to the State. Instead, the intent of the amendment' and the enabling statute, see § 16.56, Fla. Stat., was that costs of prosecution would continue to be paid, as they had in the past, by the counties.
The Florida Supreme Court has said:
In general, counties are responsible for all costs necessary to operate the circuit and county courts not paid by the State. § 43.28, Fla. Stat. (1995). Under section 43.28, “counties shall provide appropriate courtrooms, facilities, equipment, and, unless provided by the state, personnel necessary to operate the circuit and county courts.” This includes attorney’s fees and costs of required counsel.
Hoffman v. Haddock, 695 So.2d 682, 684 (Fla.1997) (some emphasis added, some emphasis in original, citations omitted). The costs at issue here are, of course, witness expenses. The State also points out that the County collects fines and forfeitures pursuant to section 142.01, Florida Statutes, which are intended to be used for just this type of expense.
The majority opinion says that the State must pay on account of section 905.40, Florida Statutes, which requires the State to pay the expenses of the Statewide Grand Jury. That statute is irrelevant here. These are not expenses for the Statewide Grand Jury. They are expenses *118 incurred in two prosecutions filed in the circuit court in Miami-Dade County.
The majority opinion says that the State must pay on account of the 1998 amendment to Article V, Section 14, of the Florida Constitution. While it is true that the 1998 amendment requires the State to fund the court system, the amendment has a delayed effective date and does not become fully effective until July 1, 2004. The amendment does not have a bearing on the question now before us.
For the reasons stated, at the present time Miami-Dade County is responsible for these costs of prosecution. The trial court correctly so ruled. The orders under review should be affirmed.